## SEIZER *a.* MALI.

*Supreme Court, First District; General Term, August,* 1860.

CORPORATION.—LIABILITY OF DIRECTORS FOR OVER-ISSUE.

Directors of a corporation, who issue unauthorized certificates of stock, are not liable directly to ultimate purchasers of the stock, who made no contract with them, and did not act on their representations.

Appeal from order overruling demurrer to complaint.

The substance of the complaint is stated in the opinion.

The defendants severally demurred to the complaint, on the ground, among others, that it did not state facts sufficient to constitute a cause of action.

These demurrers were overruled by the special term, with costs. The case is reported, 6 *Ante,* 270, note.

From these orders overruling the demurrers, the defendants appealed to the general term.

*J. M. Van Cott,* for the appellants.

*S. W. & R. B. Roosevelt,* for the respondents.

BY THE COURT.*—The complaint in this action substantially states, that "The Parker Vein Coal Company," a foreign

---

* Present, SUTHERLAND, BONNEY, and LEONARD, JJ.

corporation, by its act of incorporation, had a capital stock of three millions of dollars, divided into shares of $100 each, and prior to April, 1854, had issued certificates of stock for such shares to the full extent of its capital, which certificates were outstanding and valid; that afterwards the defendants, as president and vice-president of the corporation, issued and sold stock beyond the authorized capital, and that the plaintiff afterwards bought from parties (not named in the complaint) 3,000 shares of such over-issued stock, believing it to be genuine; but that it is void in law, and of no value; wherefore the plaintiff claims that the defendants are liable *to him* for the price paid therefor, with interest.

The complaint alleges that the defendants, by the issue and sale of such spurious certificates of stock, held out the false pretence that the purchasers thereof would obtain thereby the rights and privileges of stockholders in said corporation; but the complaint does not allege that the defendants, or either of them, issued or transferred the 3,000 spurious shares, or any part thereof, or any spurious certificates, directly to the plaintiff.

There is an allegation in the complaint that the plaintiff, at various times during the months of April and May, 1854, bought certificates in the aggregate for 3,000 shares of stock, paying therefor $19,250, supposing them to be genuine; but it is not alleged or pretended in the complaint that the plaintiff bought these certificates, or any of them, of the defendants.

There is an allegation in the complaint that the plaintiff was induced to pay the sum aforesaid, by the fraudulent acts and false pretences of defendants; but no allegation that the false pretences were made by the defendants to the plaintiff; or that the fraudulent acts consisted in a transfer of the spurious certificates from the defendants to the plaintiff.

The allegation in the complaint is, that the spurious certificates were thrown into the market by the defendants, and that the plaintiff was induced to pay the sum aforesaid by the fraudulent acts and false pretences of defendants.

The substance and theory of the complaint plainly is, that the defendants, officers of the corporation, wrongfully and fraudulently issued false certificates of stock beyond the chartered power or right of the corporation; that in the course

of time, a parcel of these false certificates, purporting to represent 3,000 shares of genuine stock, came into the hands of the plaintiff by purchase, not of the defendants, but of third parties, who had taken them either directly or remotely from the defendants.

The question is, whether the complaint shows any cause of action, on the part of the plaintiff, against the defendants ?

I think it does not. There is no privity between the plaintiff and the defendants. The plaintiff has remedy against the party or parties of whom he purchased the pretended stock, or false certificates for pretended stock. (Kendall *a.* Stone, 1 *Seld.*, 14 ; Gompertor *a.* Bartlett, 75 *Eng. C. L. R.*, 849 ; Kempson *a.* Saunders, 4 *Bing.*, 5 ; Nockrell *a.* Crosby, 3 *Barn.; 2 Cross*, 814.) The party, or parties, to whom the defendants directly issued the false certificates, has, or have, his, or their, remedy against the defendants ; but the plaintiff has no remedy against the defendants on the facts stated in the complaint. On these facts it must be presumed that the defendants intended to injure, and did injure, the party or parties to whom they directly issued or transferred the certificates.

The plaintiff's case is not within the principle of the decision in Thomas *a.* Winchester (2 *Seld.*, 397) ; but it is, I think, within the principle of the decisions in Mechanics' Bank *a.* N. H. R. R. Co. (3 *Kern.*, 599) ; Farmers and Mechanics' Bank of Kent County *a.* Butchers and Drovers' Bank (16 *N. Y.*, 125) ; and Zabriskie *a.* Smith (3 *Kern.*, 330).

The order of the special term, overruling the defendants' demurrers, should be reversed, with $10 costs, and the defendants should severally have judgment on their demurrers, with costs.